UNITED STATES COURT OF APPEALS

**January 4, 2011**

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

PEDRO SALES-LOPEZ, a/k/a Miguel
Lopez-Perez, a/k/a Miguel Lopez-Salis,
a/k/a Miguel Vasquez-Perez,

    Defendant-Appellant.

No. 10-1343
(D.C. No. 1:10-CR-00010-DME-1)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **BRISCOE,** Chief Judge, **TACHA** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

Defendant/Appellant Pedro Sales-Lopez pled guilty to illegal reentry subsequent to

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

a conviction for commission of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The district court varied downward from the applicable advisory sentencing guideline range and sentenced Sales-Lopez to forty-eight months' imprisonment. On appeal, Sales-Lopez contends that his sentence is substantively unreasonable and specifically argues that he "should have received a sentence less than 46 months, rather than the 48-month sentence imposed upon him." Aplt. Br. at 10. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I

Sales-Lopez is a citizen of Guatemala, was raised in poverty, has had little or no education and does not speak English. When he was fifteen years old, he illegally entered the United States. When he was sixteen, he was convicted in Maryland state court of carrying a concealed weapon and sentenced to twenty days' imprisonment. When he was seventeen, he was convicted in Maryland state court of first degree assault and sentenced to fifteen years' imprisonment, eleven of which were suspended, and five years' probation. He was released from prison on April 13, 2009, and was deported to Guatemala. He subsequently returned to the United States to obtain employment so he could purchase medicine for his sick mother. He alleges that it was his understanding that he was prohibited from reentering only the state of Maryland, rather than the entire United States. Approximately one month after he returned to the United States, on December 15, 2009, he was found in a van that was stopped for a traffic violation. He pled guilty to illegal reentry.

2

The presentence investigation report (PSR) assigned Sales-Lopez a base offense level of 8. Sixteen levels were added because Sales-Lopez was deported after sustaining a conviction for a crime of violence, and three levels were deducted for acceptance of responsibility, resulting in an adjusted offense level of 21. One criminal history point was assigned for the concealed weapon conviction and three points were assigned for the assault conviction. Two criminal history points were added because the instant offense was committed while Sales-Lopez was subject to his sentence on the assault conviction, and one point was added because the instant offense was committed less than two years following his release from custody on the assault sentence. The PSR assigned Sales-Lopez a criminal history score of 7, resulting in a criminal history category of IV. The advisory sentencing guideline range was fifty-seven to seventy-one months' imprisonment. The district court sua sponte varied downward and sentenced Sales-Lopez to forty-eight months' imprisonment.

## II

### A. Standard of Review

Following the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), this court reviews sentences for procedural and substantive reasonableness. United States v. Friedman, 554 F.3d 1301, 1307 (10th Cir. 2009). Here, Sales-Lopez argues only that his sentence is substantively unreasonable. Substantive reasonableness is reviewed under an abuse of discretion standard. United States v. Sayad, 589 F.3d 1110, 1117 (10th Cir. 2009). In reviewing a below-guideline sentence, we "may consider the

3

extent of the deviation [from the guideline range], but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Gall v. United States, 552 U.S. 38, 51 (2007).

*B. Discussion*

Sales-Lopez argues his sentence is unreasonable in light of the nature of his offense, his personal circumstances, and the objectives of punishment. He also argues that his sentence is unreasonable because his prior felony conviction increased the advisory guideline offense level by sixteen points and accounted for six of his seven guideline criminal history points. The effect of Sales-Lopez's prior assault conviction on the guideline range does not, standing alone, demonstrate that the sentence imposed is substantively unreasonable because the district court decided to impose a sentence below the guideline range.

The district court specifically considered Sales-Lopez's age when he committed his prior offenses, the opportunity for him to receive education and training while in prison, and the circumstances of his illegal return to the United States. See ROA, Vol. 2 at 70-71. The court then determined that a below-guideline sentence of forty-eight months' imprisonment "is a fair and just punishment that will satisfy the United States' need to enforce its laws and to reflect the seriousness with which we treat illegal immigration." Id. at 71. Sales-Lopez has not shown that the district court abused its

4

discretion in determining that the 3553(a) factors justified the sentence imposed.

AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Chief Judge